1

2                    **UNITED STATES DISTRICT COURT**

3                         **DISTRICT OF NEVADA**

4                                  **\*\*\***

5    RONDA MERRYMAN,

6                      Plaintiff,

7    vs.                                          Case No: 2:14–cv–01499–KJD–VCF

8    CAROLYN W. COLVIN, Acting Commissioner        **REPORT & RECOMMENDATION**
     of Social Security,

9                      Defendant.

10

11          This matter involves Plaintiff Ronda Merryman's appeal from Defendant Carolyn W. Colvin's

12   final decision denying Plaintiff social security benefits. (Pl.'s Compl. (#3) at 2: 24-25[1]). Plaintiff

13   claimed disability because of issues with her colon and kidney. (Admin. Rec. at 184). Before the court is

14   Plaintiff's Motion to Remand. (Doc. #16). In response, Defendant filed a Cross Motion to Affirm. (Doc.

15   #17). For the reasons stated below, the court recommends granting Plaintiff's Motion to Remand and

16   denying Defendant's Cross Motion to Affirm.

17                                **BACKGROUND**

18          On March 10, 2011, Plaintiff Ronda Merryman applied for a period of disability and disability

19   insurance benefits. (Admin. Rec. at 179-182). Plaintiff's application was denied initially on June 7, 2011

20   and upon reconsideration on January 25, 2012. (*Id.* at 94-98 & 102-104). Administrative Law Judge

21   ("ALJ") Norman Bennett held a hearing on November 15, 2012. (*Id.* at 39-62). On January 11, 2013, the

22   ALJ issued an unfavorable decision finding that Plaintiff had not been disabled since May 24, 2010, the

23   alleged onset date. (*Id.* at 19-32). The ALJ's decision became the final decision of the Commissioner

24

25

---

[1] Parenthetical citations refer to the court's docket or the administrative record.

when the Appeals Council denied Plaintiff's request for review on July 22, 2014. (*Id.* at 1-4). On September 16, 2014, Plaintiff commenced this action for judicial review by filing an Application for Leave to Proceed *in forma pauperis.* (Doc. #1). The Application was granted (Doc. #2), and Plaintiff's Complaint was filed that same day. (Doc. #3).

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's

interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Plaintiff appeals the Defendant Commissioner's final determination on two grounds. First, Plaintiff argues that the ALJ erred by not finding that Plaintiff met or equaled the requirements for a listed impairment in step 3 of the ALJ's evaluation. (Pl.'s Mot. to Remand (#16) at 15: 5-6). Second, Plaintiff argues that the ALJ erred by failing to identify clear and convincing reasons for finding Plaintiff's testimony to not be credible. (*Id.* at 18: 18-19).

## I.   Finding a Listed Impairment at Step 3

The ALJ determined that Plaintiff's diverticulitis status post sigmoidectomy in combination with other physical conditions constitutes a severe impairment. (Admin. Rec. at 24). Diverticulitis, an inflammation of the colon, is not a listed impairment. *See* 20 C.F.R. § 404, Subpart P, Appendix 1. Plaintiff alleges that her diverticulitis is most similar to Listing 5.06, Inflammatory Bowel Disease ("IBD"), and that her symptoms are equivalent in severity to the symptoms under the IBD listing. (Pl.'s Mot. to Remand (#16) at 16: 1-2, 12-13). Plaintiff argues that the ALJ should have considered whether her diverticulitis was equivalent to the listing for IBD and that the failure to do so led the ALJ to wrongly classify Plaintiff as not disabled at step 3. (*Id.* at 16: 1-5, 20-22). This court does not agree with Plaintiff that the ALJ was required to make a detailed analysis of the equivalence of Plaintiff's diverticulitis to the listed IBD standard. Plaintiff failed to sufficiently raise that argument before the ALJ. However, the court agrees with Plaintiff that the language used by the ALJ in his determination "is insufficient to show that ALJ Bennett actually considered," not only equivalence, but any listed

impairments at step 3. (*Id.* at 18: 9-10). Therefore, the ALJ's decision should be remanded for further findings.

### A.      Legal Standard

To qualify for benefits under the Social Security Act, a claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). When making this determination, the ALJ engages in a five-step inquiry.

At step 3, the ALJ determines whether the claimant has one or more "impairment(s) that meets or equals one of [the] listings in" 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii) (2015). If a claimant satisfies the conditions in one or more listings, the ALJ finds that the claimant is disabled without any further analysis. *Id*. If the claimant's condition is not listed in Appendix 1, the ALJ "will compare [claimant's] findings with those for closely analogous listed impairments. If the findings related to [claimant's] impairment(s) are at least of equal medical significance to those of a listed impairment, [the ALJ] will find that [claimant's] impairment(s) is medically equivalent to the analogous listing." 20 C.F.R. § 404.1526(b)(2).

"For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original). "[I]n determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176

(9th Cir. 1990). There is a shifting burden that requires the Plaintiff to first produce evidence of an equivalent disability and the ALJ to then sufficiently explain his determination regarding that disability.

> "However, *Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.' Moreover, an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence. Here, the ALJ adequately addressed the third step of the evaluation, given that Kennedy never presented evidence or advanced an argument for equivalency that conformed to *Zebley*. The ALJ appropriately addressed the issues that Kennedy raised and determined that Kennedy did not meet or equal any listing."

*Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013) (internal quotation marks omitted).

### B.   Whether Plaintiff Meets the Standard Under Step 3

Plaintiff does not have a condition listed in 20 C.F.R. § 404, Subpart P, Appendix 1. Plaintiff does have a severe impairment or impairments in combination affecting her digestive system. (Admin. Rec. at 24). Plaintiff's diverticulitis led to multiple complications with her colon. (Admin Rec. at 30). The only places "colon" appears in 20 C.F.R. § 404, Subpart P, Appendix 1 are the two listings for IBD and the sections describing how IBD is evaluated.

However, there is no evidence in the record that Plaintiff argued to the ALJ that she "equaled" the listing for IBD. In one representative brief, dated the day before the ALJ's hearing, Plaintiff alleges that she "meets" the listing for IBD. (Admin. Rec. at 255-256). This is clearly not the case, because Plaintiff has never alleged that she suffers from IBD. In addition, the brief only makes a generalized assertion and makes no showing of how Plaintiff's condition meets or equals the requirements under the listing for IBD:

> "*Inflammatory bowel disease (IBD)* documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with: A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with

5

proximal dilatation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6-month period; OR B. Two of the following…"

20 C.F.R. § 404, Subpart P, Appendix 1, 5.06. Plaintiff does list some of her medical history in the representative brief, but does not relate these facts to the listing for IBD. (Admin. Rec. at 255-256). Though Plaintiff argues in her Motion to Remand that she has presented evidence that her diverticulitis is equivalent to the listing for IBD (Doc. #16 at 16:14-17:22), this evidence has never been part of an organized "effort to establish equivalence" to the ALJ. *Kennedy*, 738 F.3d at 1178.

Nevertheless, the ALJ has a duty to engage in some evaluation of the record at step 3 to make his determination regardless of the shortcomings in Plaintiff's arguments. *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) (stating that the ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (listing reasons why the ALJ should have considered multiple impairment analysis at step 3 even though the plaintiff failed to explicitly raise that argument). In the case of impairments that are not listed in the Appendix, the Code of Federal Regulations states that the ALJ "will compare [claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(2). In the ALJ's outline of his decision, he states, "At step three, I must determine whether the claimant's impairment or combination or impairments is of a severity to meet or **medically equal** the criteria of [a listed impairment]." (Admin. Rec. at 23) (emphasis added).

Though the ALJ's step 3 determination is not being held to the higher standard required when the claimant makes a cohesive argument for equivalence, the ALJ still fails to give adequate reasoning in his analysis. The single paragraph dedicated to step 3 in the ALJ's decision is prefaced with, "The

claimant has not specifically alleged" that she met the requirements for a listed impairment. (Admin. Rec. at 28). This is incorrect, because the Plaintiff did allege that she meets the requirements for the IBD listing. (*Id.* at 255-256). While this allegation would have been easy to address, the ALJ ignores it.

The ALJ gives a boilerplate statement about his reasoning:

> "I have considered her physical impairments, singly and in combination with her other impairments, along with her alleged symptoms and limitations. While she had severe impairments, the record did not document or support the level of severity required to meet or medically equal a listing"

(*Id.* at 28). This does not even indicate which listings the ALJ considered. While the ALJ's reasoning may be found in places other than the section specifically set aside for step 3 (*Kennedy*, 738 F.3d at 1178), there is no meaningful discussion anywhere in the ALJ's decision about Plaintiff's physical limitations. The ALJ summarizes Plaintiff's hospitalizations and surgeries for digestive issues without once mentioning the effect Plaintiff's medical history had or has on her ability to work. (Admin. Rec. at 29-31). All that the ALJ writes are dates and diagnoses, never the practical consequences for the purpose of his evaluation.

The ALJ cites no evidence supporting his finding that Plaintiff does not meet or equal a listed impairment. This court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Without the ALJ providing any grounds for his determination, there is no basis for this court to affirm. "While it is not certain from the record before us that [Plaintiff] would have been determined to be disabled if the record had been properly developed, it is also not clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Garcia*, 768 F.3d at 929 (internal citation omitted). Therefore, this court recommends that Plaintiff's Motion to Remand (Doc. #16) be granted and Defendant's Cross Motion to Affirm (Doc. #17) be denied.

7

**II.**   <u>**Rejecting Plaintiff's Testimony About Disability**</u>

Next, Plaintiff argues that the ALJ did not provide the requisite clear and convincing reasons to make a negative finding regarding Plaintiff's credibility. (Pl.'s Mot. to Remand (#16) at 18: 18-19). Plaintiff made several statements in the record, including at the hearing before the ALJ, about her physical limitations' impact on her ability to work. Most striking is Plaintiff's testimony that she would not be able to work for a full eight hours without breaks at least every hour. (Admin. Rec. at 55-56). The ALJ did not provide any condition of these additional breaks in his hypothetical to the Vocational Expert. (*Id.* at 59). The Vocational Expert, using the ALJ's conditions, found that Plaintiff could perform some past relevant work. (*Id.*) However, when Plaintiff's attorney added additional breaks to the hypothetical, the Vocational Expert found that Plaintiff "would not be able to have competitive employment on that basis." (*Id.* at 61).

The ALJ's determined that Plaintiff was capable of performing past relevant work. (Admin. Rec. at 31). In making this determination, the ALJ found that Plaintiff was not entirely credible. (*Id.* at 29). Plaintiff argues that the ALJ did not provide the requisite clear and convincing reasons for this credibility determination. (Pl.'s Mot. to Remand (#16) at 18: 20-21). The court agrees that the ALJ did not give a legally sufficient basis for his credibility determination.

**A.**   **Legal Standard**

The ALJ must engage in a two-step analysis when evaluating the credibility of a claimant: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

8

"Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal citations omitted). The credibility finding "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation omitted).

**B.      Whether the ALJ Articulated Sufficient Reasons to Discredit Plaintiff's Testimony**

The ALJ found that Plaintiff's physical conditions constitute a severe limitation on her ability to engage in work-related activity. (Admin. Rec. at 24). There is nothing in the ALJ's decision that mentions the possibility of Plaintiff malingering. Therefore, the ALJ must give clear and convincing reasons to discount Plaintiff's testimony. *Vasquez*, 572 F.3d at 591.

However, the ALJ does not even address, must less give reasons for discounting, Plaintiff's testimony. There is one boilerplate statement about credibility in general.

> "The claimant's statements concerning the intensity, persistence, and limiting effects of his (*sic*) symptoms were not entirely credible to the extent they were inconsistent with the above residual functional capacity assessment, because they were not supported by the objective medical signs and findings of the record as a whole under SSR 96-7p."

(Admin Rec. at 29). There is nothing else throughout the ALJ's entire determination about Plaintiff's statements regarding her physical health. As discussed previously, the ALJ simply summarized past medical history rather than make any findings related to Plaintiff's ability to work. (*Id*. at 29-31).

The ALJ does make some references to Plaintiff's credibility with regards to her mental health. (Admin. Rec. at 26-27). The ALJ pointed out that Plaintiff stated during a May 2011 psychological evaluation that she received no mental health treatment, but she stated during a June 2011 psychological

evaluation that she had received psychiatric treatment since 2007. (*Id.* at 26). In addition, Plaintiff stated that she had not taken psychotropic medication for a year leading up to the June 2011 evaluation. (*Id.*). The ALJ found that Plaintiff would have required some form of treatment during that span if her symptoms were as severe as alleged, but no treatment was reflected in the record. (*Id.*) Finally, the ALJ noted that after Plaintiff had been diagnosed with several mental disorders in 2011, she was placed on medication and told to "follow up in eight weeks." (*Id.* at 27). The ALJ found that if Plaintiff's symptoms were as severe as alleged, she would require more frequent treatment. (*Id.*) However, these statements cannot be used to argue, as Defendant attempts to do in her Cross Motion to Affirm (Doc. #17 at 7:10-8:2), that the ALJ gave sufficient reasons to find that unrelated testimony was not credible. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) ("In making a credibility determination, the ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.") (internal citation omitted).

This is no tangential matter or obscure bit of testimony that the ALJ could have reasonably passed over without comment. Plaintiff specifically testified about her ability to work.

Q: Could you do that job?

A: No, no.

Q: Why not?

A: Because I tire too quickly, I'm constantly in pain, I wouldn't be able to sit there for, you know, more than half an hour to an hour and then I would have to get up and I would have to move around for at least 10 or 15 minutes just to, you know, get out of that same position. And then I might become extremely exhausted and feel I have to lay down. I couldn't imagine trying to stay in a job eight hours like that.

Q: Okay, so you would need additional break?

A: A lot.

10

Q: How frequently would you need breaks?

A: Well probably every 30 minutes to an hour I would have to have a break.

Q: How long would your break have to be so you could go back to work?

A: At least 15 minutes…

(Admin. Rec. at 55-56). The Vocational Expert testified that Plaintiff's condition as Plaintiff characterized it would preclude her from obtaining competitive employment. (*Id.* at 61). The ALJ said nothing about this testimony. He did not give any reason to doubt or discount this testimony, though it is completely incompatible with his conclusion.

The ALJ's single boilerplate paragraph finding Plaintiff's testimony to not be credible cannot serve as the sole basis for this court to affirm the ALJ's credibility determination. Therefore, this court recommends that Plaintiff's Motion to Remand (Doc. #16) be granted and Defendant's Cross Motion to Affirm (Doc. #17) be denied.

## III.   Form of Remand

In recommending that Plaintiff's Motion to Remand (Doc. #16) be granted, this court has discretion in recommending what specific form the remand should take. "The final question is whether to remand for further administrative proceedings or simply for payment of benefits." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 976 (9th Cir. 2000).

### A.   Remand for Step 3 Determination

"If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded. Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate." *Marcia,* 900 F.2d at 176 (internal citations omitted).

Further proceedings are the appropriate way to address the defects in the ALJ's step 3 determination. The ALJ's boilerplate finding in step 3 is the equivalent of the ALJ not considering an

issue at all. When "the agency has not considered all relevant factors…the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citing *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744, (1985). The step 3 determination will require evaluating the medical record to see if the requirements of a listed impairment are met, which the ALJ is in a better position to do than this court. Therefore, this court recommends that the ALJ's decision be remanded for further administrative proceedings to determine whether Plaintiff's impairment (i.e., diverticulitis) is equivalent to a listed impairment under step 3 (i.e., IBD).

### B.    Remand for Credibility Determination

The analysis for remanding the ALJ's decision based on the credibility determinations is more complicated. A decision based on an incorrect credibility determination may be remanded for payment of benefits under the "credit-as-true rule." *Garrison*, 759 F.3d at 1019. The analysis goes through three steps: (1) determining whether the ALJ failed to provide legally sufficient reasons for rejecting the testimony, (2) determining whether the record has been fully developed or whether there are outstanding issues, and (3) if there was no sufficient basis and there are no outstanding issues, crediting the testimony as true. *Treichler*, 775 F.3d at 1100-01. If "it is clear from the record that the ALJ would be required to find [the claimant] disabled if his testimony were credited…a remand for award of benefits [is] appropriate. *Moisa*, 367 F.3d at 887.

Though step 1 of the credit-as-true analysis is satisfied, the record has not been fully developed and there are other outstanding issues. "Administrative proceedings are generally useful where…there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time. Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775

F.3d at 1101 (internal citations omitted). Both Plaintiff (Pl.'s Mot. to Remand (#16) at 9:20-10:15) and Defendant (Def.'s Cross Mot. to Affirm (#17) at 6: 18-21) were only able to point to one consultative examiner who opined as to the effect of Plaintiff's physical limitations on her ability to work. Dr. Mumford's opinion was that Plaintiff could stand for two hours and sit for six hours in an eight-hour workday and would not need more than standard breaks during work. (Admin. Rec. at 562). This report is dated May 3, 2011. (*Id*. at 558-564). It conflicts with Plaintiff's opinion as to her ability to work, given on November 15, 2012. (*Id*. at 55-56). Further proceedings are needed to resolve this conflict and possibly develop the record, considering the passage of time in this case.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion to Remand (Doc. #16) be GRANTED.

IT IS FURTHER RECOMMENDED that Defendant's Cross Motion to Affirm (Doc. #17) be DENIED.

IT IS FURTHER RECOMMENDED that the ALJ's decision, adopted by Defendant, be remanded for further administrative proceedings to determine whether Plaintiff's impairment (i.e., diverticulitis) is equivalent to a listed impairment under step 3 (i.e., IBD) and whether Plaintiff's subjective testimony regarding her ability to work is credible and leads to a finding that Plaintiff is disabled.

IT IS SO RECOMMENDED.

DATED this 28th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

13